| | | | |
|---|---|---|---|
| Case No. | **CV 19-5999-DMG (AFMx)** | Date | July 22, 2019 |
| Title | *Estate of Huanxiao Wu, et al. v. HT State Travel & Bus Co., Inc.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE REGARDING COURT'S REMOVAL JURISDICTION**

Plaintiffs filed a Complaint in Los Angeles County Superior Court on September 5, 2018 against Defendants for damages arising out of an incident wherein a bus allegedly driven and controlled by Defendants struck and killed Decedent Huanxiao Wu. [Doc. # 1 ("Notice of Removal").] Defendants then filed a cross-complaint against the United States of America ("the Government") for contribution and indemnity because, according to Defendants, the Government failed to adequately maintain the area in which Defendant's bus struck Decedent. *Id.* at 2. On July 11, 2019, the Government removed this action to this Court pursuant to 28 U.S.C. section 1442(a)(1). *Id.* at 3. The Government claims that, under *Mesa v. California,* 489 U.S. 121 (1989), the following federal defense justifies removal: "the United States has not waived its sovereign immunity to permit suits against it in state court on Cross-Complainant's claims because such claims are only actionable, if at all, in United States District Court under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-80." *Id.*

The Court is concerned, however, that this argument for removal more strongly indicates the Court's *lack of jurisdiction* than its ability to hear the case. When a party removes a case to federal court under section 1442, the federal court's "jurisdiction is derivative of the state court's jurisdiction." *In re Elko Cty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997); *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922) ("The jurisdiction of the federal court on removal is, in a limited sense, derivative jurisdiction. If the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none . . . ."); *F.B.I. v. Superior Court of Cal.*, 507 F. Supp. 2d 1082, 1092 (N.D. Cal. 2007) ("the doctrine of derivative jurisdiction applies to § 1442 removals"). Accordingly, if the Government is correct that sovereign immunity divests the state court of jurisdiction over Defendants' cross-complaint, "the doctrine of 'derivative jurisdiction,' . . . would preclude this Court from having jurisdiction, even if the matter could have been raised here originally." *Glass v. Nat'l R.R. Passenger Corp.*, 570 F. Supp. 2d 1180, 1182 (C.D. Cal. 2008); *see also Golden Eagle Ins. Corp. v. Allied Tech. Grp.*, 83 F. Supp. 2d 1132, 1134 (C.D. Cal. 1999) ("[W]here the state court lacked jurisdiction over the

claim giving rise to the removal, 'the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction.'") (citing *Minnesota v. United States,* 305 U.S. 382, 389 (1939)). Indeed, the court in *Glass* held that it had no jurisdiction over a similar cross-complaint against the Government after the Government removed the action using almost identical language to the language in its Notice of Removal in this case. *Glass*, 570 F. Supp. 2d at 1181-82.[1]

Accordingly, the Government is hereby **ORDERED TO SHOW CAUSE** why the Court should not determine that it lacks jurisdiction over Defendants' claim against the Government and remand the entire action to Los Angeles County Superior Court. The Government shall respond to this Order in writing, not to exceed 10 pages**, no later than seven days from the date of this Order**. Defendants may file a reply to the Government's response, also not to exceed 10 pages, **no later than seven days after the Government files its response**.

**IT IS SO ORDERED.**

---

[1] The Government in *Glass* removed that action on the grounds that: "the United States has not waived its sovereign immunity to permit suits against it in state court on [the defendant's] indemnity and contribution claims, because such claims are only actionable, if at all, in United States district court pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80." *Id.* at 1182.