| Case No. | **CV 19-5999-DMG (AFMx)** | Date | August 14, 2019 |
|---|---|---|---|

| Title | *Estate of Huanxiao Wu, et al. v. HT State Travel & Bus Co., Inc.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DISMISSING COUNTERCLAIM AND REMANDING REMAINDER OF ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

Plaintiffs filed a Complaint in Los Angeles County Superior Court on September 5, 2018 against Defendants for damages arising out of an incident wherein a bus allegedly driven and controlled by Defendants struck and killed Decedent Huanxiao Wu. [Doc. # 1 ("Notice of Removal").] Defendants then filed a cross-complaint against the United States of America ("the Government") for contribution and indemnity because, according to Defendants, the Government failed to adequately maintain the area in which Defendant's bus struck Decedent. *Id.* at 2. On July 11, 2019, the Government removed this action to this Court pursuant to 28 U.S.C. section 1442(a)(1). *Id.* at 3. On July 22, 2019, the Court ordered the Government to show cause why the doctrine of derivative jurisdiction does not require the Court to determine that it lacks jurisdiction over Defendants' claim against the Government and remand the entire action to Los Angeles County Superior Court. [Doc. # 9 ("OSC").]

The Government responded on July 25, 2019 that it "agree[d] with the Court that it must dismiss the [counterclaim] against it pursuant to the doctrine of derivative jurisdiction." [Doc. # 10 ("Government's Response")]. It also conceded that "upon dismissal of the counter-claim, the remainder of the action should be remanded to state court." *Id.* (internal emphasis removed).

Shortly thereafter, however, Cross-Complainant HT State Travel and Bus Company ("HT") filed a response to the OSC and argued that the Court should retain jurisdiction over the case. [Doc. # 12 ("HT Response").] In other words, the parties appear to have switched positions with respect to the Court's removal jurisdiction.

Glaringly, HT does not address the derivative jurisdiction doctrine's impact on this case. Instead, it argues that courts must construe 28 U.S.C. section 1442 "broadly" and read the statute in its "context . . . with a view to [its] place in the overall statutory scheme." *Id.* at 2-3. These general propositions are no doubt true, but they do not create federal court jurisdiction where the

derivative jurisdiction doctrine instructs that there is none. Indeed, the only Ninth Circuit case that HT cites—for the proposition that removal is proper "even when there [is] no waiver of the United States' sovereign immunity and consequently no state court jurisdiction"—says precisely the opposite. HT Response at 4 (citing *Nationwide Inv'rs v. Miller*, 793 F.2d 1044, 1048 (9th Cir. 1986) ("Since the state court, and therefore the district court on removal, lacked jurisdiction over the action against the federal officer, the district court properly dismissed the garnishment action.")). HT has therefore failed to show that the Court has jurisdiction over its counterclaim.

As a final matter, the Government raises a relevant procedural point that the Court must clarify. *See* Government's Response. While the OSC ordered the parties to discuss whether the Court should *remand* the entire action, the Ninth Circuit has held that the proper procedure for disposing of improperly removed actions under the derivative jurisdiction doctrine is to *dismiss* the claim against the Government. *Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015). Since the analysis remains otherwise unchanged, the Court need not order additional briefing on this distinction. To the extent that the Court may exercise supplemental jurisdiction over the remaining state-law claims in Plaintiffs' Complaint, it declines to do so. *See Glass v. Nat'l R.R. Passenger Corp.*, 570 F. Supp. 2d 1180, 1183 (C.D. Cal. 2008) (dismissing counterclaim under derivative jurisdiction doctrine and remanding the remaining claims to state court).

Accordingly, the Court hereby **DISMISSES**, without prejudice, HT's Counterclaim against the Government and **REMANDS** the remainder of the action to Los Angeles County Superior Court. Because Plaintiffs' pending Motion to Remand [Doc. # 13] requests relief on the same grounds discussed above, that motion is **DENIED as moot** and the September 20, 2019 hearing on the motion is **VACATED.**

**IT IS SO ORDERED.**